IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No. 12–CR–30094–DRH

GILBERT TOREZ MANNING

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge**:

On April 2, 2012, the Court entered a transfer of jurisdiction order as to the Supervision of Releasee Gilbert Torez Manning from the District of New Mexico to the Southern District of Illinois (Doc. 1). That same day, the government filed a motion to revoke Manning's supervised release (Doc. 2). Manning was detaining pending the final revocation hearing because the Court ultimately found probable cause that Manning violated the conditions of his release (Doc. 6) Subsequently, the Court revoked Manning's supervised release status on April 27, 2012, sentencing defendant to 24 months in prison (Doc. 29).

Manning filed a *pro se* motion to reduce his sentence under Amendment 782 to the United States Sentencing Guidelines on July 14, 2014 (Doc. 30). The Court referred the matter to the Federal Public Defender's office pursuant to Administrative Order 167 (Doc. 32) and on February 6, 2015, Assistant Federal

Public Defender G. Ethan Skaggs entered his appearance on behalf of Manning (Doc. 32).

Now the Assistant FPD—having determined there is no meritorious basis for obtaining the relief Defendant seeks pursuant to 18 U.S.C. § 3582(c)—has moved to withdraw his appearance (Doc. 33). See *Anders v. California*, 386 U.S. 738, 744 (1967). Defendant has responded to his counsel's motion to withdraw and made known that he has no objection to Mr. Skaggs' withdrawal, but does assert that BOP failed to properly calculate Manning's jail credit for the time he was in federal custody prior to sentencing in his second case (*USA v. Manning et al*, 12–CR–30330-1)(Doc. 35). For the reasons stated below, the Court finds defendant ineligible for a reduction and thus denies his motion to reduce sentence (Doc. 68) and grants counsel's motion to withdraw (Doc. 33).

Section 3582(c)(2) of Title 18 allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant pursuing a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the

Sentencing Commission. If an amendment does not lower the defendant's applicable guideline range, the Court must deny a sentence reduction on the merits. *United States v. Taylor*, No. 13–2978, 2015 WL 554452, *5 (7th Cir. Feb. 11, 2015).

Manning is *not* entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendment 782 does not apply to supervised release proceedings. See e.g., U.S.S.G. § 1B1.10 app. n.4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."). § 3582(c)(2) permits a sentence reduction only within the narrow bounds established by the Commission.

Manning also asserts that the BOP failed to properly compute his jail credit for the time (23 months) he was in federal custody during pretrial proceedings for his second case (*USA v. Manning et al.,* 12–CR–30330) (Doc. 35, pg. 2). However, after a district court sentences a defendant, the United States Attorney General, who has delegated authority to the BOP, bears the responsibility for calculating an inmate's appropriate jail credit. See 18 U.S.C. § 3621(a); *United States v. Wilson*, 503 U.S. 329, 335 (1992). Manning has not alleged, nor presented any evidence,

that he has sought to resolve the jail credit dispute through the administrative remedy process at this time.

Manning may resolve any dispute about the computation of his jail credit calculations through BOP administrative procedures, including the Administrative Remedy Program. See 28 C.F.R. §§ 542.10–542.16. After properly exhausting the available administrative remedies, an inmate may seek judicial review.

Accordingly, the Court **GRANTS** counsel's motion to withdraw (Doc. 33) and **DENIES** Loving's *pro se* motion for a sentence reduction (Doc. 30).

**IT IS SO ORDERED.**

Signed this 5th day of October, 2015.

Digitally signed by David R. Herndon
Date: 2015.10.05 16:02:10 -05'00'

United States District Judge